NOTICE OF MOTION COVER SHEET

Debtor: Luvia Mancheno
Bankruptcy Case #10-41743

Judge Elizabeth Stong

Plaintiffs/Movant:
Merrill Lynch Credit Corporation

Attorneys for Movant:
Anne E. Miller-Hulbert
Shapiro, DiCaro & Barak, LLP
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624

Attorneys for Debtor
Ismael Gonzalez
152 West 36th Street
Suite 202
New York, NY 10018

## NATURE OF SUIT
(Check All Boxes That Apply)

__X__    To Grant Relief from Automatic Stay, 11 USC Section 362 (d)
         ($150.00 fee required).

____     Amended Notice Of Motion for Relief from Automatic Stay
         (no fee required).

____     To Withdraw the Reference of a Case, 11 USC Section 362 (d)
         ($60.00 fee required).

____     To Object to Confirmation of Chapter 13 Plan
         (fee not required).

____     To Extend time to Object to Discharge/Dischargeability

____     To Dismiss (fee not required).

____     To Convert (fee not required).

____     To Extend Exclusivity Period to File Plan

____ Other -

**FILING FEE __XX__ Attached**          ____ Not Required       **__XX__Credit Card**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

HEARING DATE: April 16, 2010
HEARING TIME: 10:00a.m.
HEARING PLACE: Brooklyn

IN RE

LUVIA MANCHENO

DEBTOR

CHAPTER 7

CASE NO. 10-41743

JUDGE: Elizabeth Stong

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY RULE 4001 AND 11 U.S.C. §362 (d) DUE TO A LACK OF ADEQUATE PROTECTION (AND A LACK OF EQUITY) PURSUANT TO 11 U.S.C. §361

**PLEASE TAKE NOTICE** that Merrill Lynch Credit Corporation, by and through its

attorneys, Shapiro, DiCaro & Barak, LLP, will move this Court at the United States Bankruptcy

Court, 271 Cadman Plaza East, Court Room #3585, Brooklyn, NY 11201, on April 16, 2010 at

10:00a.m., or as soon thereafter as counsel may be heard, for an Order:

1.      Pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §362(d), granting Merrill Lynch

Credit Corporation relief from the automatic stay due to Debtor's inability to provide adequate

protection to the interest of Merrill Lynch Credit Corporation pursuant to 11 U.S.C. §361; and/or

2.      Granting Merrill Lynch Credit Corporation such other and further relief as is just

and proper.

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, are required to

be served upon the undersigned at least seven (7) days before the return date of this motion.

Dated:  March 12, 2010
        Rochester, New York

_Anne E. Miller-Hulbert_ (signature)

Anne E. Miller-Hulbert
Shapiro, DiCaro & Barak, LLP
Attorneys for Merrill Lynch Credit Corporation
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000

TO:  Debtor
     Luvia Mancheno
     66-26 50th Avenue
     Woodside, NY 11377

     Attorney for Debtor
     Ismael Gonzalez
     152 West 36th Street
     Suite 202
     New York, NY 10018

     Trustee
     Debra Kramer
     98 Cutter Mill Rd
     Suite 466 South
     Great Neck, NY 11021

     US Trustee
     271 Cadman Plaza East
     Suite 4529
     Brooklyn, NY 11201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

HEARING DATE: April 16, 2010
HEARING TIME: 10:00a.m.
HEARING PLACE: Brooklyn

IN RE

LUVIA MANCHENO

DEBTOR

CHAPTER 7

CASE NO. 10-41743

JUDGE: Elizabeth Stong

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## PURSUANT TO BANKRUPTCY RULE 4001 AND 11 U.S.C. §362(d)
## DUE TO A LACK OF ADEQUATE PROTECTION (AND A LACK OF EQUITY)
## PURSUANT TO 11 U.S.C. §361

Merrill Lynch Credit Corporation, by and through its attorneys, Shapiro, DiCaro &

Barak, LLP, for an Order vacating the automatic stay pursuant to 11 U.S.C. §362(d) and

Bankruptcy Rule 4001 due to a lack of adequate protection pursuant to 11 U.S.C. §361, and in

support thereof, states as follows:

1.      Debtor filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on

or about March 3, 2010.

2.      Merrill Lynch Credit Corporation is a secured creditor of the Debtor by virtue of a

mortgage executed by Debtor on July 31, 2003 and given to Merrill Lynch Credit Corporation

securing the repayment of the principal sum of $29,000.00 due under the Bond/Note and

granting Merrill Lynch Credit Corporation a security interest in the Property commonly known

as 66-26 50TH AVE, Woodside, NY 11377 (the "Property"). Copies of the Mortgage and

Bond/Note are annexed hereto as Exhibit "A". Movant has standing to bring this Motion for

Relief from Stay as the holder of the mortgage.

3.      A copy of the Relief from Automatic Stay – Real Estate and Cooperative

Apartment Work Sheet is annexed hereto as Exhibit "B".

4.      Upon information and belief, the payoff amount on the Mortgage is $32,446.02.

The subject mortgage is the second mortgage on the Property.    U.S. Bank, N.A. as Trustee

holds the first mortgage on the Property in the amount of $513,624.31.

5.      Upon information and belief, the loan is contractually due for July 1, 2008.

6.      The amount now due under the mortgage is as follows:

| | |
|---|---:|
| 2 Defaulted Monthly Payments at $167.08 each (July 2008 through August 2008) | $334.16 |
| 1 Defaulted Monthly Payments at $156.30 each (September 2008 through September 2008) | $156.30 |
| 1 Defaulted Monthly Payments at $172.47 each (October 2008 through October 2008) | $172.47 |
| 1 Defaulted Monthly Payments at $157.84 each (November 2008 through November 2008) | $157.84 |
| 1 Defaulted Monthly Payments at $129.35 each (December 2008 through December 2008) | $129.35 |
| 1 Defaulted Monthly Payments at $143.78 each (January 2009 through January 2009) | $143.78 |
| 1 Defaulted Monthly Payments at $121.27 each (February 2009 through February 2009) | $121.27 |
| 1 Defaulted Monthly Payments at $113.18 each (March 2009 through March 2009) | $113.18 |
| 1 Defaulted Monthly Payments at $113.18 each (April 2009 through April 2009) | $113.18 |
| 1 Defaulted Monthly Payments at $125.31 each (May 2009 through May 2009) | $125.31 |
| 2 Defaulted Monthly Payments at $121.27 each (June 2009 through July 2009) | $242.54 |
| 1 Defaulted Monthly Payments at $125.31 each (August 2009 through August 2009) | $125.31 |
| 1 Defaulted Monthly Payments at $97.01 each (September 2009 through September 2009) | $97.01 |
| 1 Defaulted Monthly Payments at $117.22 each (October 2009 through October 2009) | $117.22 |
| 1 Defaulted Monthly Payments at $129.35 each (November 2009 through November 2009) | $129.35 |
| 1 Defaulted Monthly Payments at $125.31 each (December 2009 through December 2009) | $125.31 |

| | |
|---|---:|
| 1 Defaulted Monthly Payments at $113.18 each | $113.18 |
| (January 2010 through January 2010) | |
| 1 Defaulted Monthly Payments at $133.39 each | $133.39 |
| (February 2010 through February 2010) | |
| 2 Late Charges at $3.34 each | $6.68 |
| (July 2008 through August 2008) | |
| 1 Late Charges at $3.13 each | $3.13 |
| (September 2008 through September 2008) | |
| 1 Late Charges at $3.45 each | $3.45 |
| (October 2008 through October 2008) | |
| 1 Late Charges at $3.16 each | $3.16 |
| (November 2008 through November 2008) | |
| 1 Late Charges at $2.59 each | $2.59 |
| (December 2008 through December 2008) | |
| 1 Late Charges at $2.88 each | $2.88 |
| (January 2009 through January 2009) | |
| 1 Late Charges at $2.43 each | $2.43 |
| (February 2009 through February 2009) | |
| 2 Late Charges at $2.26 each | $4.52 |
| (March 2009 through April 2009) | |
| 1 Late Charges at $2.51 each | $2.51 |
| (May 2009 through May 2009) | |
| 2 Late Charges at $2.43 each | $4.86 |
| (June 2009 through July 2009) | |
| 1 Late Charges at $2.51 each | $2.51 |
| (August 2009 through August 2009) | |
| 1 Late Charges at $1.94 each | $1.94 |
| (September 2009 through September 2009) | |
| 1 Late Charges at $2.34 each | $2.34 |
| (October 2009 through October 2009) | |
| 1 Late Charges at $2.59 each | $2.59 |
| (November 2009 through November 2009) | |
| 1 Late Charges at $2.51 each | $2.51 |
| (December 2009 through December 2009) | |
| 1 Late Charges at $2.26 each | $2.26 |
| (January 2010 through January 2010) | |
| 1 Late Charges at $2.67 each | $2.67 |
| (February 2010 through February 2010) | |
| Foreclosure Fees and Costs | $875.00 |
| Bankruptcy Attorneys Fees | $650.00 |
| Filing Fee | $150.00 |
| Total Delinquencies | $4,378.18 |

7.     According to the Debtor's Schedule D, the appraised value of the Property is

$525,000.00.

8.     Upon information and belief, there is little or no equity in the Property and Merrill

Lynch Credit Corporation has not been offered adequate protection for its interest in the

Property.

9.     Movant specifically waives the requirements of Bankruptcy Code §362 (e).

10.     It is respectfully submitted that good cause exists to vacate the automatic stay of

11 U.S.C. §362 to allow Merrill Lynch Credit Corporation to maintain a foreclosure action on its

mortgage.

**WHEREFORE,** Merrill Lynch Credit Corporation respectfully requests that an Order be

granted vacating the automatic stay as to Merrill Lynch Credit Corporation so as to permit the

commencement, resumption or maintenance of mortgage foreclosure proceedings with respect to

the Property, and for such other and further relief as the Court may deem just and proper.

Dated:        March 12, 2010

Anne E. Miller-Hulbert
Shapiro, DiCaro & Barak, LLP
Attorneys for Merrill Lynch Credit Corporation
250 Mile Crossing Boulevard
Suite One
Rochester, NY 14624
(585) 247-9000

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

HEARING DATE: April 16, 2010
HEARING TIME: 10:00a.m.
HEARING PLACE: Brooklyn

IN RE

LUVIA MANCHENO

DEBTOR

CHAPTER 7

CASE NO. 10-41743

JUDGE: Elizabeth Stong

## ORDER GRANTING RELIEF FROM
## THE AUTOMATIC STAY

Upon the Motion of Merrill Lynch Credit Corporation dated March 12, 2010 with

exhibits attached thereto, with proof of service upon the Trustee, Debtor and Debtor's Attorney

and the United States Trustee, and the Motion having come to be heard on April 16, 2010, it is

hereby:

**ORDERED** that the automatic stay in effect pursuant to 11 U.S.C. Section 362(a) is

hereby vacated for cause pursuant to 11 U.S.C. Section 362(d) as to Merrill Lynch Credit

Corporation, its agents, assigns or successors in interest so that Merrill Lynch Credit

Corporation, its agents, assigns or successors in interest may pursue its rights under applicable

state law with respect to the premises known as 66-26 50TH AVE, Woodside, NY 11377, and it

is further

**ORDERED** that the Movant shall immediately provide an accounting to the Trustee of any surplus monies realized as a result of the foreclosure sale.


Dated: _____, 2010
        Brooklyn, NY


Enter:

                                 _____
                                 Honorable Elizabeth Stong
                                 United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
IN RE

CHAPTER 7

LUVIA MANCHENO

CASE NO. 10-41743

JUDGE: Elizabeth Stong

DEBTOR

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )ss:
COUNTY OF MONROE     )


I, Shannon Thompson, being sworn, says, I am not a party to this action; I am over 18

years of age, I reside in Rochester, New York.

On March 12, 2010 I served the within Notice of Motion and Motion for Relief From the

Automatic Stay upon:

TO:    Debtor
       Luvia Mancheno
       66-26 50th Avenue
       Woodside, NY 11377

       Attorney for Debtor
       Ismael Gonzalez
       152 West 36th Street
       Suite 202
       New York, NY 10018

       Trustee
       Debra Kramer
       98 Cutter Mill Rd
       Suite 466 South
       Great Neck, NY 11021

       US Trustee
       271 Cadman Plaza East
       Suite 4529
       Brooklyn, NY 11201

the addresses designated by the foregoing individuals for that purpose by depositing a true copy

of same enclosed in a postpaid, properly addressed wrapper, in an official depositary under the

exclusive care and custody of the United States Postal Service within the State of New York.

Shannon Thompson
Legal Assistant

Sworn to before me this
12th day of March, 2010,

Notary Public
Anne E. Hulbert
Qualified in Monroe County
Commissions Expires May 31, 2010